**0UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

Plaintiff,

v.

THIRTY-ONE THOUSAND DOLLARS IN UNITED STATES CURRENCY,

Defendant.

_________________________________/

Case No. 11-12116

HON. MARIANNE O. BATTANI

**ORDER GRANTING MOTION TO STRIKE CLAIM AND ANSWER PURSUANT TO SUPPLEMENTAL RULE G(8) AND FOR ENTRY OF JUDGMENT AND FINAL ORDER OF FORFEITURE**

## I. INTRODUCTION

On July 6, 2012, Plaintiff United States of America ("United States" or the "Government") filed a Motion to Strike Claim and Answer Pursuant to Supplemental Rule G(8) and for Entry of Judgment and Final Order of Forfeiture (Doc. No. 31). Claimant Kendrick Williams has not filed a response. The Court has reviewed the filings and finds oral argument will not aid in the resolution of this motion. See E. D. Mich. LR 7.1(f)(2). For the reasons that follow, the Court grants the motion.

## II. BACKGROUND

This is a civil action *in rem* brought pursuant to 21 U.S.C. § 881(a)(6). The Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

Specifically, on May 13, 2011, the Government filed its complaint for Forfeiture In Rem, alleging that the Defendant Currency constitutes proceeds of narcotics crimes and/or property intended to be furnished in exchange for a controlled substance. (Doc. No. 1). On June 27, 2011, Williams filed a Notice of Claim. (Doc. No. 5). He filed an Answer to the Complaint on July 18, 2011. (Doc. No. 8).

His claim arises out of the forfeiture of $31,000 in cash seized from a vehicle after a road-side stop and consent search in Novi, Michigan on October 9, 2010. The facts giving rise to the forfeiture follow.

During the month prior to the seizure, in September 2010, a confidential source (CS) had informed Drug Enforcement Task Force Officer David Powell that Williams had traveled to Detroit to purchase cocaine. (Doc. No. 31, Ex. 5). According to the CS, Williams carried cash for payment. The CS also identified license plate number and type of car used by Williams and indicated that Williams was accompanied by Kenyatta Walker.

In October 2010, the CS informed Powell that Williams would be traveling to Detroit to purchase cocaine on October 9, 2010. Surveillance confirmed the information, and a Novi police office stopped the vehicle for speeding.

Williams was the sole passenger at the time of the seizure. The driver and owner of the vehicle, Kenyatta Walker, consented to the search. The search revealed Defendant Currency. It “was mostly bundled in three large bundles and held together with rubber bands with a smaller bundle containing $1,000, was located in a plastic Footlocker shopping [bag] and recovered from the front passenger side floorboard.” (Doc. No. 31 at 5). An officer from the K9 unit was called to the scene, and his dog

alerted to the odor of a controlled substance in the Footlocker bag.  (Doc. No. 31, Ex. 6).

Walker and Williams went to the Novi Police Department voluntarily, where both talked to agents. Although Walker claimed the money was hers, she did not file a claim. Walker gave the agents various explanations about how Defendant Currency was going to be used:  she and her boyfriend, Williams, were going to purchase a vehicle or two; she was not completely sure they were going to purchase a vehicle; she was going to purchase a sport utility vehicle for a catering business she owns; and she might purchase two economically friendly vehicles for resale in Indiana.  She added that she had given Williams "a couple of thousand dollars" to put with the rest of the currency he had.  (Doc. No. 1 at ¶¶ 10(c), 10(d), 10(f)).

Walker indicated that Williams had bundled the currency and put it in a Footlocker bag.  Walker told agents the money was not from a bank, that Williams had just paid property taxes in Indiana, and it was not uncommon for him to carry that much currency.  Walker also told agents that Williams owned approximately ten or eleven rental properties in Indiana and that he collected monthly rent.

Williams told agents that he owned a construction business for around eight years.  He told agents he paid taxes on his business, but could not remember the income reported for 2009.  He stated that he bought and sold homes and did not own rental property.  He also stated he worked as a property manager, but could not provide the name of his employer.  Williams told the agent that he had a business account at Chase bank, but later stated the account was a personal account.

On June 27, 2011, Williams filed a Notice of Claim (Doc. No. 5). He asserted that Defendant Currency belonged to him. Specifically, in his claim, Williams asserts that the money seized came from a $32,695.75 insurance settlement check paid to his girlfriend, Towanna Hurst. According to Williams, the money was going to be used to purchase a 2008 BMW 650 with 30,000 miles for $30,000 from Walker's ex-husband. (Doc. No. 5).

Plaintiff seeks to strike the claim on the ground that Claimant lacks Article III standing based on his failure to demonstrate lawful possession and/or an ownership interest in the currency.

## III. STANDARD OF REVIEW

Supplemental Rule G(8)(c) authorizes the government to move to strike a claim or answer, at any time before trial, based upon a claimant's failure to comply with Supplemental Rule G(5), or because claimant lacks standing. Supplemental Rules G(8)(c)(i)(A) and (B); United States v. Vehicle 2007 Mack 600 Dump Truck, VIN 1M2K189C77M036428, et al., 680 F. Supp.2d 816, 823 (E.D. Mich. 2010). The motion "may be presented as a motion for judgment on the pleadings or as motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence." Supplemental Rule G(8)(c)(ii)(B).

A party is entitled to summary judgment if "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). A genuine issue of fact exists if the evidence presented could lead a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). "A mere

scintilla of evidence" offered by the nonmoving party to contest the movant's evidence "is insufficient to defeat a motion for summary judgment." United States v. $447,815.00 in U.S. Currency, No. 09-204, 2011 WL4083640, at *2 (M.D. N.C. Jul. 26, 2011).

## IV. ANALYSIS

To establish Article III standing, "a claimant must have a colorable ownership, possessory, or security interest in at least a portion of the defendant property." $515,060.42 in U.S. Currency, 152 F.3d at 497. State law determines the existence and extent of a person's interest in the specific property sought to be forfeited under the civil forfeiture statutes. United States v. Tarraf, 725 F.Supp.2d 625, 628-29 (E.D. Mich. 2010) (looking to state law to determine what interest, if any, third parties had in cash given to claimant as a deposit for a trip to Mecca); United States v. 477 Firearms, 698 F. Supp.2d 894, 902 (E.D. Mich. 2010) (looking to state law to determine what interest a future heir has in wrongdoer's property). If the court dertermines that the claimant has a property interest recognized under state law, it determines whether the asserted interest is one that is plausible and recognized under federal forfeiture law. Id.

Under federal civil forfeiture law, an ownership interest includes "a leasehold, lien, mortgage, recorded security interest, or valid assignment of an ownership interest." 18 U.S.C. § 983(d)(6). It does not include a mere "general unsecured interest in, or claim against, the property or estate of another." Id. Nor does it include a bailment relationship "unless the bailor is identified and the bailee shows a colorable legitimate interest in the property seized." Id. Finally, it does not include "a nominee who exercises no dominion or control over the property." Id.

Because of the substantial danger of false claims that exists in forfeiture proceedings, courts require more than conclusory or hearsay allegations of some interest in the property. Consequently, to survive the government's motion for summary judgment on the standing issue, Williams, must put forth "factual allegations regarding how [he] came to possess the property, the nature of [his] relationship to the property, and/or the story behind [his] control of the property." United States v. $515,060.42 in U.S. Currency, 152 F.3d 491, 498 (6th Cir. 1998) (internal citation omitted); U.S. v. $133,420.00 in U.S. Currency, 672 F.3d 629, 638-39 (9th Cir. 2012).

Pursuant to Rule G(6) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the Government served Williams special interrogatories relating to his relationship to Defendant Currency. See United States v. $67, 775.00 in U.S. Currency, 10-3410, 2012 WL 1901384 (D. Md. May 24, 2012).
> In Special Interrogatory No. 2, the Government requested the following: Provide specific details as to your interest in the Defendant Currency that you claim. Details should include, but are not limited to: 1) the amount of the Defendant Currency you claim; 2) the source from which you obtained the Defendant Currency; 3) the date(s) upon which you obtained the Defendant Currency; and 4) whether the Defendant Currency was obtained legally or illegally.

(Doc. No. 31, Ex. 2).

Claimant responded:

> As I have previously informed you, I claim the $31000 in United States Currency. My girlfriend of 15 years received a check of $32,695.00 (Thirty Two Thousand Six Hundred and Ninety Five) Dollars from State Farm Fire and Casualty Company from a Theft of a Vehicle. It was legally obtained.

(Doc. No. 31, Ex. 3). In addition, Williams provided Plaintiff with a copy of a settlement check payable to Tawanna Hurst for $32,695.74. After the Government received the answers, it raised this standing challenge.

Because Williams and his girlfriend lived in Indiana during the relevant time, Indiana law governs the existence and extent of Williams' interest in Defendant Currency. Under Indiana law, an *inter vivos* gift must satisfy five criteria: (1) the donor is competent to make the gift; (2) the donor intends to make a gift; (3) the gift is completed with nothing left undone; (4) the property is delivered by the donor and is accepted by the donee; and (5) the gift is immediate and absolute. Fowler v. Perry, 830 N.E.2d 97, 105 (Ind. Ct. App. 2005). Here, Williams has not provided any sworn statements to support a finding that Defendant Currency was a gift from his girlfriend. Nor do the facts as put forth by Williams create an inference that Hurst competently and absolutely relinquished her ownership of the currency to Williams. Id. at 105.

Nor could she because Defendant Currency was not derived from the check issued to Tawanna Hurst. (Doc. No. 31, Exhibit 3 at 1). Contrary to Williams' assertion, the bank records establish that the $31,000 seized did not originate from the settlement check. (See Doc. No. 33, Ex. 7). The check was deposited on July 26, 2010, and credited to TK Management Services LLC that day. Between the deposit and the seizure only $4,357.90 was withdrawn from the account. (Id. at p. 26). The bulk of the funds was withdrawn after the seizure.

Nor is there any claim that Williams himself earned the money. (See Doc. No. 33, Ex. 4 at 4, ¶ 7; Ex. 8 at 35). In sum, Williams advances no "evidence supporting his assertion that he has a lawful possessory interest in the money seized." $133,420.00 in

U.S. Currency, 672 F.3d at 639 (citing United States v. $321,470.00, 874 F.2d 298, 303 (5th Cir.1989)).  He merely asserts that Defendant Currency "belong[s]" to him.

Although Williams explanation satisfied his burden to show standing at earlier stages of proceedings, his simple assertion no longer does so.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992) ("the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III" and, accordingly, the elements of standing "must be supported at each stage of litigation in the same manner as any other essential element of the case").   He was the passenger in a car driven and owned by another person.  The currency was found on the floor board of the passenger seat.  The driver of the vehicle made statements contrary to any argument that Williams possessed Defendant Currency.  (See Doc. No. 1 at 10(a), 10(h)).  The bank records establish that the settlement check was not the source of Defendant Currency.  United States v. $29,500 in U.S. Currency, 2006 WL 148992, at *3 (W.D. Mo. Jan. 18, 2006) (claimant's simple assertion that he was the owner of currency seized from a third party's vehicle is insufficient to establish standing where the assertion is not supported by evidence of actual possession, control or financial stake in the currency).  He asserts that the funds came from a check issued to his girlfriend, but offers no authority as to how money paid to his girlfriend provides him with a legally cognizable interest in the property.  His conclusion that Defendant Currency "belong[s]" to him, does not satisfy his burden.  (See Doc. No. 4 at 1); United States v. $100,348, 354, F.3d 1110, 1118-19 (9th Cir. 2004) (because "the danger of false claims in these proceedings is substantial," courts require more than "conclusory or hearsay allegations of some interest in the forfeited property"); United States v. $39,557.00,


More or Less, in U.S. Currency, 683 F. Supp.2d 335, 339-40 (D. N.J. 2010) (bald assertion of ownership is not sufficient to comply with Rule G(5)). Consequently, the Court agrees with the Government that the facts of this case undermine Williams' claim of possessory interest "requisite for standing to attack the forfeiture proceeding." United States v. $321,470.00, U.S. Currency, 874 F.2d 298, 304 (5th Cir. 1989).

## V. CONCLUSION

In sum, the Court agrees with Plaintiff that Williams fails to define what his legally cognizable ownership interest is in Defendant Currency. He lacks any evidence supporting his assertion that he has a lawful possessory interest in the money seized and cannot survive a summary judgment motion. Because he lacks sufficient proof of property interests to establish standing, the Court **GRANTS** the motion. The Claim and Answer are **STRICKEN.**

**IT IS SO ORDERED**.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: October 29 ,2012

**CERTIFICATE OF SERVICE**

Copies of this Opinion and Order were served upon Claimant and counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
CASE MANAGER